UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY JAY BERTRAM,

        Movant,

               File No.  1:04-CV-523

v.

               HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondant.

        _____/

**MEMORANDUM OPINION AND ORDER**

   This matter comes before the Court on Movant Randy Bertram's motion for relief pursuant to 28 U.S.C. § 2255.

   On May 21, 2003, Mr. Bertram entered a guilty plea to one count of tampering with a consumer product in violation of 18 U.S.C § 1365(a). *United States v. Bertram*, Case No. 1:03-CR-47 (W.D. Mich. 2003) (Docket # 32). Movant was sentenced on September 19, 2003, to 108 months incarceration, three years supervised release, and an order of restitution. Movant did not appeal the judgment against him and his conviction became final on September 29, 2003. *See* FED. R. APP. P. 4(b)(1). On August 10, 2004, Movant timely filed the instant 28 U.S.C. § 2255 motion. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (noting that when a defendant does not take a direct appeal, his sentence becomes final ten days after conviction and the statute of limitations in § 2255 begins to run

from that date). Movant raises a single claim for relief based upon *Blakely v. Washington*, 124 S. Ct. 2531 (2004).[1]

## I.

Movant contends that he was improperly assessed a six point sentence enhancement under U.S.S.G. § 2N1.1(b)(1)(C) and U.S.S.G. § 2N1.1(d)(1), in violation of *Blakely* because the Court increased his sentence based upon facts found by the Court, not by a jury. This claim is now governed by *Booker*, 125 S. Ct. at 756.

Respondent argues that Movant's sentence should not be disturbed because *Blakely* and *Booker* do not apply retroactively on collateral review to cases which have become final before the new rule is announced. *See Teague v. Lane*, 489 U.S. 288 (1989).

In reply, Movant attempts to avoid the obstacle of *Blakely* and *Booker's* non-retroactive effect by arguing that *Blakely* was not a "new rule" as that term is understood for retroactivity purposes under *Teague*. Movant contends instead that the holdings of *Blakely* (and presumably *Booker)* were dictated by *Apprendi v. New Jersey,* 530 U.S. 466 (2000), and therefore were not new rules that require retroactive application to his case.

## II.

The issue before this Court is the retroactivity of *Booker*. Movant argues that *Blakely* and *Booker* were applications of the rule established in *Apprendi*. While *Blakely* and *Booker*

---

[1] Although *Blakely* concerned the State of Washington's sentencing scheme, the *Blakely* analysis was extended to federal sentencing guideline issues in the recent Supreme Court opinion in *United States v. Booker*, 125 S. Ct. 738 (2005).

may have logically proceeded from *Apprendi*, that does not necessarily mean that they were dictated by *Apprendi*. *See Butler v. McKellar*, 494 U.S. 407, 415 (1990). "The fact that a court says that its decision is within the 'logical compass' of an earlier decision, or indeed that it is 'controlled' by a prior decision, is not conclusive for purposes of deciding whether the current decision is a 'new rule' under *Teague*." *Id.*

*Booker* was decided after Movant's conviction became final.[2] "Generally speaking, federal habeas corpus petitioners may not rely on new rules of criminal procedure handed down after their convictions have become final on direct appeal." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) (citing *Schriro v. Summerlin*, 124 S. Ct. 2519, 2523 (2004)).

In some circumstances, however, new rules of criminal procedure may be retroactively applicable. The Supreme Court, in *Teague*, 489 U.S. at 288, applied a three-step process to conclude whether a new rule of criminal procedure applies to a case on collateral review: 1) the date when the defendant's conviction became final must be determined; 2) the Court must determine if the rule in question is a "new rule," and; 3) the Court must determine if the new rule falls into either of the two exceptions of non-retroactivity. *See Humphress*, 398 F.3d at 860.

---

[2] Movant's sentence became final September 29, 2003. *Booker* was decided January 12, 2005.

First, Movant was sentenced on September 19, 2003, to 108 months incarceration, three years supervised release, and an order of restitution. Movant did not appeal the judgment against him. Thus, his conviction became final on September 29, 2003. *See* FED. R. APP. P. 4(b)(1).

Second, the rule established in *Booker* was a new rule. *Humphress*, 398 F.3d at 861. The Sixth Circuit has determined that *Booker* was a new rule because "[i]t was not dictated by precedent existing at the time that [petitioner's] conviction became final, and it would not have been apparent to 'all reasonable jurists' that his conviction was unlawful." *Humphress*, 398 F.3d at 861; *accord McReynolds v. United States*, 397 F.3d 479, 481(7th Cir. 2005); *Guzman v. United States*, 404 F.3d 139, 142 (2nd Cir. 2005); *Lloyd v. United States*, 407 F.3d 608, 612-13 (3rd Cir. 2005).

Third, *Booker* does not fall into either of the two exceptions established by *Teague*, and is therefore not retroactively applicable. *Humphress*, 398 F.3d at 862-63; *accord McReynolds*, 397 F.3d at 481; *Guzman*, 404 F.3d at 144; *Lloyd*, 407 F.3d at 615.

This Court is bound by the decision in *Humphress*, and *Booker* is not retroactively applicable to the Movant's claim.

**IT IS HEREBY ORDERED** that Movant's claim for relief from his sentence pursuant to 28 U.S.C. § 2255 (Docket # 1) is **DENIED**

Date:   June 21, 2005           /s/ Robert Holmes Bell
                                ROBERT HOLMES BELL
                                CHIEF UNITED STATES DISTRICT JUDGE